﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 191007-36514
DATE: April 30, 2021

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is restored effective September 1, 2019. 

FINDING OF FACT

At the time of the September 2019 rating decision discontinuing TDIU, the record did not contain clear and convincing evidence of actual employability. 

CONCLUSION OF LAW

The criteria for restoration of TDIU effective September 1, 2019 have been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.105, 3.343, 4.16. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The appellant served in the Army National Guard from November 1985 to August 1991, to include a period of active duty for training from January 1986 to May 1986. 

The rating decision on appeal was issued in September 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the October 2019 VA Form 10182, Decision Review Request: Board Appeal, the appellant elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the appellant with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Entitlement to restoration of TDIU

By way of history, a May 2006 rating decision awarded TDIU effective October 29, 2002. In this regard, the Board notes that a total disability rating for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities provided that if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

Marginal employment shall not be considered substantially gainful employment. Marginal employment generally shall be deemed to exist when earned annual income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Id.

In September 2018, VA informed the appellant that it had received information from the Social Security Administration (SSA) showing he had earned wages above the poverty threshold for calendar year 2017. It was therefore proposed to discontinue TDIU based upon evidence that he had sustained gainful employment during the previous calendar year. He was specifically asked to return VA Form 21-4140, Employment Questionnaire, to explain his earned wages for calendar year 2017. He was further asked to identify his current employment status and any factors that contributed to his earnings. The letter advised that he could submit evidence showing that the reduction should not be made, that his payments would not be adjusted for 60 days, and that he had the right to a representative and a hearing.

In November 2018, VA received Form 21-4140, Employment Questionnaire. The Veteran reported that he worked approximately 10 hours per week cutting grass from April to October with highest gross earnings per month of $450. He also reported working in sales 18 hours a week from January through October, but that he lost 8 weeks due to illness. Earnings were reported as approximately $7300 and resolving reasonable doubt in his favor, the Board finds that this refers to total earnings as opposed to a monthly basis. The appellant did not identify the calendar year that this information pertains to and it is unclear whether it is for 2017 or 2018. 

VA records dated in February 2017 indicate that the appellant was not sure how much longer he could work due to medical issues. Records dated in May 2017 show he was doing “odd jobs/unemployable.” An August 2017 letter indicates the appellant was cleared to return to work following recent back surgery. A March 2019 record indicates he is a truck driver and on the road Monday through Friday. 

In September 2019, VA discontinued entitlement to TDIU effective September 1, 2019. The decision notes that the Form 21-4140 and VA treatment records show full time employment since January 2018. 

Evidence submitted with the October 2019 Form 10182 includes another Form 21-4140. At this time, the appellant reported that he was self-employed as a truck driving working 20 hours per week from January to December with highest gross earnings of $1000 per month. Time lost from illness was reported as “½”. Again, the calendar year was not identified. The appellant also submitted a statement wherein he reported that a VA representative told him that he was able to work as long as his income did not exceed $23,000 a year. 

VA regulation provides that a rating of 100 percent disability based on individual unemployability may be reduced, subject to the procedural protections of § 3.105(e), “but caution must be exercised in such a determination that actual employability is established by clear and convincing evidence.” 38 C.F.R. § 3.343 (c)(1). A finding of “actual employability” must encompass a finding that the appellant is no longer unable to secure or follow a substantially gainful occupation because of service-connected disabilities. 38 C.F.R. § 4.16(a). Further, if a veteran with a TDIU begins to engage in a substantially gainful occupation after January 1, 1985, the rating may not be reduced solely based on such occupation unless the veteran maintains the occupation for a period of twelve consecutive months. 38 C.F.R. § 3.343(c)(2). 

At the outset, the Board finds that the procedural requirements and safeguards outlined in 38 C.F.R. § 3.105(e) governing rating reductions were explained to the appellant in adequate detail in the September 2018 proposal prior to the September 2019 final rating action. 

In the instant case, the proposed reduction was based on information which purportedly showed earned wages above the poverty threshold for calendar year 2017. Notably, this evidence is not of record before the Board. The information provided by the appellant is also unclear as to dates worked and income earned, and it does not appear VA made any efforts to clarify. 

On review, it appears that the appellant has engaged in at least part-time employment since 2017. Evidence of record at the time TDIU was discontinued, however, does not show he engaged in a substantially gainful occupation for a period of 12 consecutive months, and the Board does not find clear and convincing evidence of actual employability. Termination of the appellant’s TDIU was not proper and the benefit is restored effective September 1, 2019. 

 

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Carsten, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.